CINCINNATI BAR ASSOCIATION *v.* FENNELL.

[Cite as Bar Assn. v. Fennell (1980), 63 Ohio St. 2d 113.]

(D.D. No. 80-2—Decided July 9, 1980.)

Mr. Robert R. Lavercombe, Mr. James J. Geygan and Ms. Mary Lou Marks, for relator.

Mr. Clifford R. Fennell, pro se.

*Per Curiam.* Respondent has filed objections to the findings of fact and recommendation of the board, setting forth the following:

"I. Respondent was denied his rights under the Fourteenth Amendment of the United States Constitution, of equal protection and his rights of due process of law. Respondent was denied his rights to cross-exam [*sic*] witnesses who testified against him.

"II. The evidence did not support the panel findings on Counts 4, 5, 10, 13 and 18 of the complaint. There was insufficient evidence to support a finding against respondent as to those counts and the findings and decision of the panel was against the weight of the evidence.

"III. There were serious prejudicial errors at the hearings which respondent had no opportunity to correct and as a direct result the findings and decision of the panel was prejudicial [*sic*] effected."

A review of this rather lengthy record will show that the respondent has been consistently dilatory and uncooperative in supplying information and documents related to these charges. Conversely, relator showed a great deal of concern and understanding in providing respondent every opportunity to show that the charges leveled against him were unfounded.

Respondent had initially been advised that he should obtain legal counsel to represent him; yet at the February 15th deposition he had not obtained same, nor did he do so until the second continued hearing on August 2nd.

Respondent had been served with notice that a number of witnesses, including some of his former clients, would be deposed on the day of his deposition, February 15th, and the

following day, February 16th. Respondent was present for one of these depositions on the day of his own deposition, but chose not to appear for any of the depositions held on February 16th. Further, respondent was served with notice that eight witnesses would be deposed on May 1, 1979. Respondent failed to appear in person or by counsel for these depositions.

At the conclusion of the hearing on June 7th, respondent, failing to appear, was given an opportunity to later appear and present his cause. Additionally, in accommodation to respondent, the chairman of the hearing panel ordered that a transcript of such hearing be furnished to respondent. At the time of such reconvened hearing, respondent was represented by counsel for the first time, and was again granted a continuance until August 28th to present any evidence that he wished by way of his own witnesses or by way of subpoena of those who had previously testified as to the complaints against him. On August 28, testimony of a number of witnesses was presented by respondent, and the respondent himself testified.

Here, the respondent was afforded the use of a transcript of the prior hearing of June 7th, and the right to subpoena the witnesses who had testified concerning the charges; which would have indeed afforded respondent and his counsel a greater advantage of preparation for such cross-examination of these witnesses than if such had been conducted initially. However, respondent only chose to subpoena one of the prior witnesses, James R. Dibowski, who had testified as to various typewriters. In sum, it may be concluded that respondent elected to refrain from exercising his right to cross-examine the other witnesses who had previously testified.

Respondent, in his second proposition of law, asks the court to reject the findings of fact and recommendation of the board of commissioners. The findings of fact and the recommendation of the board are generally followed by this court, unless such findings and recommendation are manifestly against the weight of the evidence. Here we have no quarrel with the findings of the board, but do have significant difficulty with the recommendation. The board has recommended indefinite suspension of respondent. We are unable to square such a recommendation with the significant quantum of evidence presented herein to the effect that respondent had

been guilty of violating a number of the Disciplinary Rules of the Code of Professional Responsibility.

It is our view that respondent has shown by his misfeasance and nonfeasance that he is professionally and ethically not reasonably equipped to continue in the practice of law. As stated, the record not only amply supports the findings and recommendations of the board, but also speaks out quite clearly in support of an order by this court that the respondent be prevented from further practicing law in this state.

As to the third proposition of law, it has been previously alluded to, that respondent was indeed provided a fair and impartial opportunity to present his case in response to the evidence presented against him. And, we find that the evidence presented in chief by the relator was presented in such a manner as not to prejudice the respondent.

Based upon all the foregoing, a review of the record in this matter supports the board's findings that respondent violated DR 1-102(A)(4) and (6), DR 2-110(B)(4), DR 6-101(A)(3), DR 7-101(A)(2), DR 7-102(A)(5), and DR 9-102(B)(4) of the Code of Professional Responsibility. Accordingly, based upon the record and all the evidence herein adduced, we order that respondent be permanently disbarred from the practice of law.

*Judgment accordingly.*

CELEBREZZE, C. J., HERBERT, W. BROWN, O'NEILL, SWEENEY, LOCHER and HOLMES, JJ., concur.

O'NEILL, J., of the Seventh Appellate District, sitting for P. BROWN, J.