TOLEDO BAR ASSOCIATION *v.* DZIENNY.

[Cite as *Toledo Bar Assn. v. Dzienny* (1995), 72 Ohio St.3d 173.]

(No. 94–1844—Submitted January 25, 1995—Decided May 10, 1995.)

174

*Scalzo, Cherry & Geudtner* and *Jonathan B. Cherry;* and *M. Susan Swanson,* for relator.

*Marshall & Melhorn* and *Richard M. Kerger,* for respondent.

*Per Curiam.* In his only objection to the board's findings and recommendation, respondent argues that he should receive a public reprimand instead of the six-month stayed suspension recommended by the board. In its objection to the board's report, relator argues that the board erred in not finding that respondent's conduct also violated DR 6–101(A)(3) and 7–101(A)(2).

In light of the significant and lengthy deception of his clients, the respondent's argument that he deserves the lightest punishment possible under the rules is without merit. Respondent relies solely upon *Portsmouth Bar & Library Assn. v. Stevenson* (1994), 69 Ohio St.3d 37, 630 N.E.2d 337, for his position that he should receive a public reprimand. Although *Stevenson* also involved an attorney's failure to timely file suit and subsequent deception of his client as to the status of the suit, the attorney in *Stevenson* eventually informed his client of his misconduct. In this case, respondent's deceptions would never have been uncovered if the clients had not retained another attorney to look into the matter. As

such, respondent's misconduct is worse than that committed by the attorney in *Stevenson* and therefore deserves a greater punishment.

In similar cases of misconduct, we have consistently imposed a suspension or a suspended suspension as opposed to a public reprimand. In *Columbus Bar Assn. v. Nichols* (1991), 61 Ohio St.3d 546, 575 N.E.2d 799, we found that a one-year suspended suspension was appropriate where the attorney had failed to timely file two lawsuits. In *Lorain Cty. Bar Assn. v. Motsch* (1993), 66 Ohio St.3d 56, 607 N.E.2d 1069, we likewise held that deceiving clients about the fact that a suit had been filed on their behalf when that was not the case deserved a suspended six-month suspension.

Relator argues that the board erred in not finding that respondent's conduct constituted a violation of DR 7–101(A)(2). However, relator asserted a violation of that rule only in connection with Count II of the complaint. As noted above, the board dismissed that count because it had not been proved by clear and convincing evidence. We defer to the board and decline to disturb that finding. See *Cincinnati Bar Assn. v. Fennell* (1980), 63 Ohio St.2d 113, 119, 17 O.O.3d 68, 72, 406 N.E.2d 1129, 1133.

Relator also argues that the board erred in not finding that the failure of respondent to timely file the lawsuit against the hospital and its employees violated DR 6–101(A)(3). In order to violate DR 6–101(A)(3), an attorney's conduct must constitute neglect. "Neglect involves an attorney's failure to advance a client matter for which he has been retained. Neglect is different from negligence and usually requires a pattern of disregarding obligations or repeated omissions by an attorney." Guttenberg & Snyder, The Law of Professional Responsibility in Ohio (1992) 201. Even though the failure to timely file a lawsuit, standing alone, may not rise to a violation of DR 6–101(A)(3), we believe that respondent's failure to timely file the lawsuit coupled with his continued deception of his clients does constitute a violation of DR 6–101(A)(3). We reached the same result in *Cuyahoga Cty. Bar Assn. v. Caywood* (1991), 62 Ohio St.3d 185, 580 N.E.2d 1076, where the attorney missed the statute of limitations and then deceived his client about the status of the case. See, also, *Toledo Bar Assn. v. Westmeyer* (1988), 35 Ohio St.3d 261, 520 N.E.2d 223; *Columbus Bar Assn. v. Nichols, supra.*

Therefore, we hold that respondent violated DR 1–102(A)(4), 6–101(A)(3) and 6–102(A). Even though we have found an additional violation, we agree with the sanction recommended by the board. Accordingly, we order that respondent be suspended from the practice of law in the state of Ohio for six months and that the suspension be stayed.

*Judgment accordingly.*

Douglas, Wright, Resnick and Pfeifer, JJ., concur.

Moyer, C.J., F.E. Sweeney and Cook, JJ., dissent.

Moyer, C.J., dissenting. On March 11, 1991, respondent committed an act of negligence when he permitted the statute of limitations governing a client's action to pass without filing a complaint. Rather than limit his misconduct to a single act of malpractice, respondent engaged in a lengthy course of fraud and deception designed to cover up his mistake.

On May 10, 1991, the named defendant in the underlying lawsuit moved to dismiss and the respondent did not inform his clients of his error. On September 12, the defendant's motion was granted and respondent did not inform his clients. On that same day, respondent moved to amend the complaint so that some claim might survive and again he did not inform his clients. On November 24, 1992, respondent finally communicated with his clients but still failed to be truthful.

Respondent admitted to missing the statute of limitations and to failing to inform his clients in a "timely manner." Even this admission is not totally honest. Respondent never informed his clients; in fact he misled them. It was not until respondent had been discharged and new counsel retained that respondent's failures were discovered. Respondent now argues that his cover-up was the result of unusual circumstances unique to this case. He attempts to justify his conduct rather than accept personal responsibility for his actions.

Respondent argues that a public reprimand is the appropriate sanction because his malpractice was committed on a matter involving the relative of a former associate whose performance he had criticized when he suggested the associate leave the law firm. He suggests that his desire to avoid the embarrassment of admitting malpractice under these circumstances is "a justification for a public reprimand."

The majority adopts the board's recommendation for a six-month suspended suspension without any provision for monitoring or continuing review of respondent's conduct. I cannot accept such an inadequate sanction for respondent's conduct. We should all be troubled by the increasing number of cases in which attorneys have deceived or lied to their clients. In my view there are few violations of the Code of Professional Responsibility that are more severe than a violation of DR 1–102(A)(4). As the majority indicates, we have stayed suspensions of attorneys' licenses even where the attorneys' conduct constituted a violation of DR 1–102(A)(4). However, the case before us is an excellent example of why that disposition is no longer appropriate, where the attorney engages in a course of conduct involving dishonesty, deceit, or misrepresentation.

Had their lawsuit gone forward, the clients of respondent in this case might have received no more than the amount of the settlement. It was not because

respondent came forward and admitted his deceit that his clients received something more than that; it was because they were forced to seek new counsel in order to discover that their attorney had violated his oath of office and the Code of Professional Responsibility to their detriment. And for that, our disciplinary system tells respondent not to do that again.

It is time for a clear message from this court that when a lawyer engages in a course of conduct that violates DR 1–102(A)(4), we will impose a sanction which actually suspends the attorney from the practice of law for an appropriate period of time. That message should be sent to those who question why lawyers who lie to clients are permitted to continue practicing law without interruption, and to lawyers who apparently are assuming that the benefit for deceiving clients is worth the risk of our sanction.

For the foregoing reasons I would suspend respondent from the practice of law for six months.

F.E. SWEENEY and COOK, JJ., concur in the foregoing dissenting opinion.