TOLEDO BAR ASSOCIATION v. POMMERANZ.

[Cite as *Toledo Bar Assn. v. Pommeranz* (1995), 72 Ohio St.3d 274.]

(No. 94–2666—Submitted February 7, 1995—Decided May 31, 1995.)

---

*Cooper, Straub, Walinski & Cramer* and *Keith Mitchell,* for relator.

*Lorin J. Zaner,* for respondent.

*Per Curiam.* We have reviewed the record and concur in the board's findings of misconduct and its recommendation. Respondent is therefore suspended from the practice of law in Ohio for a period of one year, but this sanction is suspended on the condition that he successfully completes a year of probation to be monitored by Jude T. Aubry. Costs taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., WRIGHT and COOK, JJ., dissent.

MOYER, C.J., dissenting. For the same reasons that I dissented in *Toledo Bar Assn. v. Dzienny* (1995), 72 Ohio St.3d 173, 177–178, 648 N.E.2d 499, 502, I am again unable to agree with the majority's disposition of this matter.

At a minimum, the majority's statement of facts, admitted by respondent, includes no fewer than ten lies told by respondent. Respondent not only lied to his clients but to grievance committee investigators as well. Particularly troubling is respondent's use of court officials and even a judge as scapegoats when confronted by clients for the truth.

If we truly desire to maintain trust in our profession and in our legal system, this court cannot continue to order sanctions for lawyer misconduct that amount to little more than a slap on the wrist when that conduct involves a continuing breach of trust.

I am not unmindful of respondent's mitigation evidence nor am I abandoning the hope of rehabilitation. However, as I have previously stated, a "message should be sent to those who question why lawyers who lie to clients are permitted to continue practicing law without interruption, and to lawyers who apparently are assuming that the benefit for deceiving clients is worth the risk of our sanction." *Dzienny, supra,* at 178, 648 N.E.2d at 503 (Moyer, C.J., dissenting). We must communicate with stern conviction that the failure to accept responsibility for one's mistakes and to respond in a forthright and expedient manner will result in actual suspension from the practice of law.

For the foregoing reasons I would suspend respondent from the practice of law for one year with six months suspended.

WRIGHT and COOK, JJ., concur in the foregoing dissenting opinion.