**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 13.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. GREENE.

[Cite as *Disciplinary Counsel v. Greene*, 1995-Ohio-97.]

*Attorneys at law—Misconduct—One-year suspension with ten months stayed on condition no disciplinary complaints are certified to the Board of Commissioners on Grievances and Discipline—Attorney intentionally misrepresents a crucial fact to the court in order to effect a desired result to benefit a party.*

When a lawyer intentionally misrepresents a crucial fact to a court in order to effect a desired result to benefit a party, the lawyer will be suspended from the practice of law in Ohio for an appropriate period of time.

(No. 95-837—Submitted July 26, 1995—Decided November 1, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-51.

———————————

{¶ 1} Relator, Office of Disciplinary Counsel, filed a complaint with the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), charging respondent, Christopher L. Greene of Sandusky, Ohio, Attorney Registration No. 0042402, with violating DR 9-101(C) (stating or implying that he was able to influence improperly or upon irrelevant grounds any tribunal, legislative body, or public official), 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (conduct prejudicial to the administration of justice), and 1-102(A)(6) (conduct that adversely reflects upon his fitness to practice law). Respondent entered into stipulations of fact with the relator, admitting all the allegations in the complaint.

{¶ 2} Numerous character and reputation letters were considered in mitigation.

**{¶ 3}** The stipulations and respondent's testimony at the hearing established that, in November 1993, an Ohio Highway State Patrol trooper requested respondent to assist him in obtaining a dismissal of a speeding ticket that the trooper's wife had received for operating an automobile at the speed of thirty-one m.p.h. in a twenty m.p.h. school zone when school was in session. Respondent erroneously advised the trooper that the speeding ticket could be dismissed, provided the issuing officer agreed not to prosecute the matter.

**{¶ 4}** Subsequent to that conversation, the trooper contacted the citing officer and discussed the matter. The citing officer called respondent and stated that he would not have issued the citation if he had known the woman was the wife of a fellow officer. The citing officer further indicated that he would have no problem with the ticket being dismissed. Apparently, respondent assumed that the citing officer would come to the court to explain that position to the judge.

**{¶ 5}** On the day of the hearing, however, the citing officer did not appear. It was at this point that respondent acknowledges he made a "very crucial mistake." Rather than asking for a continuance, respondent submitted to the court a dismissal entry for the speeding charges that falsely stated that the twenty m.p.h. speed limit for the school zone was not in effect at the time of the alleged offense. Based on the false entry, the acting judge[1] dismissed the ticket.

**{¶ 6}** A few days later, Judge D. William Evans, Jr. discovered the discrepancy while reviewing the ticket. When questioned by Judge Evans about

---

1. R.C. 1901.10 defines an "acting judge" as:

"(A) * * *

"(2) If a judge of a municipal court that has only one judge is temporarily absent or incapacitated, the judge may appoint a substitute who has the qualifications required by section 1901.06 of the Revised Code, and, if the judge is unable to make the appointment, the chief executive shall appoint a substitute. The appointee shall serve during the absence or incapacity of the incumbent, shall have the jurisdiction and powers conferred upon the judge of the municipal court, and shall be styled 'acting judge.' He shall sign all process and records during the time he is serving, and shall perform all acts pertaining to the office, except that of removal and appointment of officers of the court. * * *"

the inconsistency between the entry and the ticket, respondent told the judge what had transpired. The judge informed respondent that it was his responsibility to call the Disciplinary Counsel and report the matter. In response to this meeting, respondent refiled the ticket, whereupon the defendant pled guilty to the offense.

{¶ 7} The panel determined that respondent's conduct in providing a false reason for dismissing the speeding ticket violated all the Disciplinary Rules alleged in the complaint. Weighing both the aggravating and mitigating factors, the panel recommended that respondent be suspended from the practice of law for three months with two months suspended. The board adopted the findings of fact and conclusions of law of the panel; however, the board recommended that, based on the number of mitigating factors, respondent should instead be publicly reprimanded.

––––––––––––––––––

*Geoffrey Stern*, Disciplinary Counsel, and *Alvin E. Mathews*, Assistant Disciplinary Counsel, for relator.

*Christopher L. Greene, pro se*.

––––––––––––––––––

**MOYER, C.J.**

{¶ 8} This disciplinary case presents the court with an opportunity to state a clear test that should be consistently applied in all cases where an officer of the court intentionally misrepresents a crucial fact to the court in order to effect a desired result to benefit a party.

{¶ 9} In discipline cases involving deception by an attorney, we have consistently imposed a suspension or a stayed suspension. In *Disciplinary Counsel v. Jones* (1993), 66 Ohio St.3d 369, 613 N.E.2d 178, we held that an assistant prosecuting attorney who failed to disclose to the court and defense counsel the location of important defense exhibits that he had previously found during a court recess deserved a six-month suspension. In *Lorain Cty. Bar Assn. v. Motsch* (1993),

66 Ohio St.3d 56, 607 N.E.2d 1069, we similarly held that a suspended six-month suspension was appropriate for an attorney who failed to file a suit on a client's behalf and then deceived the clients about the status of their case. See, also, *Toledo Bar Assn. v. Dzienny* (1995), 72 Ohio St.3d 173, 648 N.E.2d 499.

{¶ 10} In this case, an assistant prosecuting attorney knowingly lied to the court in order to intentionally mislead the acting judge into granting a dismissal of the charges. Disregarding the indisputable fact that the issuing officer's written citation clearly indicated that the defendant "was clocked at 31 m.p.h. in a 20 m.p.h. school zone * * * lights were flashing * * * kids were crossing * * *," respondent falsely stated in his dismissal entry to the judge that the twenty m.p.h. speed limit for the school zone was not in effect at the time of the offense. Thus, respondent not only violated his obligations as an officer of the court, but also his public responsibility as assistant prosecutor to protect the rights of all citizens: in this instance, children to be protected from vehicles moving through school crosswalks at dangerous speeds. As a government lawyer, respondent has a duty on behalf of his client to obtain a conviction of the charged offense. Instead, respondent corrupted the system and lied to the court in order to achieve a dismissal adverse to his client's interests. Moreover, respondent did not voluntarily come forward after a chance to reflect upon his actions. Indeed, respondent's deception would never have been uncovered if Judge Evans had not reviewed the ticket several days after the incident occurred.

{¶ 11} It is true that the vigorous and effective representation of a client is the responsibility of all attorneys. This duty, however, does not exist in isolation from the other obligations imposed upon an attorney through our Disciplinary Rules. In addition to the commitment to a client, a lawyer's responsibilities include a devotion to the public good and to the maintenance and improvement of the administration of justice. While an attorney, as a zealous advocate, may characterize facts favorably to the attorney's client, the attorney's duty, as an officer

of the court, is to uphold the legal process and demonstrate respect for the legal system by at all times being truthful with a court and refraining from knowingly making statements of fact or law that are not true. Respect for the law and our legal system, through both an attorney's words and actions, should be more than a platitude. The obligations of professional responsibility may not be overshadowed by either a desire to win a case or as a favor to any person.

{¶ 12} Respondent's actions clearly were outside the realm of zealous representation of a client and amounted to a deliberate misrepresentation to a court. We cannot permit attorneys who lie either to their clients or to the court to continue practicing law without interruption. "If we truly desire to maintain trust in our profession and in our legal system, this court cannot continue to order sanctions for lawyer misconduct that amount to little more than a slap on the wrist when that conduct involves a continuing breach of trust." *Toledo Bar Assn. v. Pommeranz* (1995), 72 Ohio St.3d 274, 278, 649 N.E.2d 179, 182 (Moyer, C.J., dissenting). Therefore, we hold that when a lawyer intentionally misrepresents a crucial fact to a court in order to effect a desired result to benefit a party, the lawyer will be suspended from the practice of law in Ohio for an appropriate period of time.

{¶ 13} The board's recommendation of a public reprimand is clearly inappropriate, regardless of the mitigating factors. Likewise, the panel's recommendation of one-month actual suspension is insufficient given respondent's conduct and the nature of the suspension process. When an attorney is suspended from the practice of law, he or she must do more than immediately cease and desist from the practice of law. During the thirty days following the effective date of the suspension order, the suspended attorney must, among other things, surrender to the Clerk of the Supreme Court his or her certificate of admission to practice, notify all clients represented in pending matters of the suspension, deliver to all clients being represented any papers or other property pertaining to the client, notify opposing counsel or the adverse parties of the disqualification to act as attorney,

and file a notice of disqualification with the court or agency before which any litigation is pending for inclusion in the respective file. See Gov.Bar R. V(8)(E).

{¶ 14} Even for an assistant prosecuting attorney, whose only client may be the county, an actual suspension of one month is not practical. If a respondent is actually suspended for only one month, the actual suspension would be no longer than the thirty days within which the respondent is required to meet the procedural requirements of suspension. This would result in nothing more than "revolving door" discipline.

{¶ 15} Accordingly, we reject the inadequate sanctions recommended by the panel and the board, and order that the respondent be suspended from the practice of law for one year, with ten months stayed on the condition that during this one-year period no disciplinary complaints against respondent are certified to the board by a probable cause panel.

*Judgment accordingly.*

WRIGHT, F.E. SWEENEY and COOK, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

PFEIFER, J., dissents and would publicly reprimand respondent.

_____

**ALICE ROBIE RESNICK, J., dissenting.**

{¶ 16} At first glance, it seems appropriate that any attorney who "intentionally misrepresents a crucial fact to a court in order to effect a desired result" should be suspended for an appropriate period of time. However, I do not believe it to be the province of this court to mandate such discipline through syllabus law. We have placed broad discretionary power in the hands of the members of the Board of Commissioners on Grievances and Discipline, but today we are usurping that authority by telling the board that anyone who falls within the conduct of this syllabus law, without exception, "will be suspended from the practice of law in Ohio."

6

{¶ 17} It is the place of the board to make recommendations to us regarding the discipline of members of the bar, and it certainly should not be this court's place to announce in advance the sanction which will automatically be forthcoming from this court when a particular set of circumstances occurs. The panel has the opportunity to see and hear the witnesses and the respondent. After the hearing, the board is in a unique position to recommend to the court what sanction should be imposed. Gov.Bar R. V(2)(B) provides that "[t]he Board shall receive evidence, preserve the record, make findings, and *submit recommendations* to the Supreme Court * * *." (Emphasis added.) See, also, Gov.Bar R. V(6), detailing the procedures by which the board makes a recommendation to the court in the appropriate case. Furthermore, Section 3(D) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline of the Supreme Court provides that "the hearing panel and the Board * * * retain sole power and discretion to make a final recommendation to the Ohio Supreme Court on the appropriate sanction."

{¶ 18} It has always been my opinion that our disciplinary procedures function best when the court distances itself from the work of the board, rather than setting up hard and fast rules that will predetermine a particular case, as the majority does today. I continue to adhere to the belief that the sanction in each and every disciplinary case should be determined based upon the particular facts of that case. See *Disciplinary Counsel v. Baker* (1992), 65 Ohio St.3d 302, 305, 603 N.E.2d 990, 992 (Resnick, J., dissenting).

{¶ 19} In conclusion, I agree with the recommendation of the board in this case that respondent should receive a public reprimand, given the number and quality of the mitigating factors. Because I do not accept the majority's statement that the recommended public reprimand is "clearly inappropriate," and because I do not accept the majority's decision to use this case to generate syllabus law, I respectfully dissent.

DOUGLAS, J., concurs in the foregoing dissenting opinion.

_____