Moyer, C.J.
This disciplinary case presents the court with an opportunity to provide guidance to certified grievance committees and the Board of Commissioners on Grievances and Discipline in all cases where an attorney engages in a pattern of conduct of misleading or lying to a client concerning a legal matter entrusted to the lawyer by the client. DR 1-102(A)(4) is straightforward and unambiguous. It states that a “lawyer shall not * * * [e]ngage in conduct involving dishonesty, fraud, deceit, or misrepresentation.”
In discipline cases where an attorney has deceived a client, we have imposed a varying range of sanctions. In Disciplinary Counsel v. Gwyn (1994), 71 Ohio St.3d 8, 640 N.E.2d 1141, we publicly reprimanded an attorney for violating DR 6-101(A)(3) and 1-102(A)(4). In Gwyn, the respondent told his client that he had filed a lawsuit when in fact he had not filed the suit. The misrepresentations continued for two years. The respondent even fabricated pleadings falsely indicating that the case had been filed and dismissed. During that time, however, the respondent made other efforts to resolve the matter, including research into the legal issues involved in the case and attempts at discovery. Because of respondent’s forthright testimony and numerous character witnesses, the court adopted the board’s recommendation that respondent receive only a public reprimand. Gwyn, 71 Ohio St.3d at 10, 640 N.E.2d at 1142.
In Toledo Bar Assn. v. Dzienny (1995), 72 Ohio St.3d 173, 648 N.E.2d 499, the respondent failed to file a medical malpractice lawsuit before the statute of limitations expired. Converting an act of malpractice into a violation of the Code of Professional Responsibility, respondent concealed his malpractice and continually misled his clients regarding the status of the lawsuit. The Board of Commissioners on Grievances and Discipline found that the respondent had violated both the DR 6-102(A) and 1-102(A)(4), and recommended a six-month suspension that should be stayed. In rejecting respondent’s plea for a public reprimand the court adopted the board’s recommendation, stating that “[i]n light of the significant and lengthy deception of his clients, the respondent’s argument *190 that he deserves the lightest punishment possible under the rules is without merit.” Dzienny, 72 Ohio St.3d at 175, 648 N.E.2d at 501 (Moyer, C.J., dissenting to the stay of the suspension).
More recently we moved closer to the rule we announce today. In Lake Cty. Bar Assn. v. Speros (1995), 73 Ohio St.3d 101, 104, 652 N.E.2d 681, 683, we stated that “[d]ishonesty toward a client, whose interests are the attorney’s duty to protect, is reprehensible. And, as we continue to see such violations of DR 1-102(A)(4), we recognize that this misconduct may hereafter require more severe discipline than we have previously imposed.” Respondent was suspended from the practice of law in Ohio for six months.
We express our growing concern with the increase in the discipline matters referred to us by the Board of Commissioners on Grievances and Discipline in which members of the bar of Ohio have deceived their clients or a court. A lawyer who engages in a material misrepresentation to a court or a pattern of dishonesty with a client violates, at a minimum, the lawyer’s oath of office that he or she will not “knowingly * * * employ or countenance any * * * deception, falsehood, or fraud.” Gov.Bar R. I(8)(A). Such conduct strikes at the very core of a lawyer’s relationship with the court and with the client. Respect for our profession is diminished with every deceitful act of a lawyer. We cannot expect citizens to trust that lawyers are honest if we have not yet sanctioned those who are not. Therefore, recognizing that the sanctions that we have imposed heretofore against lawyers who have violated DR 1-102(A)(4) are apparently not causing some lawyers to understand the importance of being honest with courts and clients, we announce a rule that will be applied to this case and future cases. When an attorney engages in a course of conduct resulting in a finding that the attorney has violated DR 1-102(A)(4), the attorney will be actually suspended from the practice of law for an appropriate period of time.
In the instant case, respondent engaged in a continuing course of deceit and misrepresentation designed to cover up his inaction on an entrusted legal matter. After lying to his client about proceeding with the case, respondent fabricated documents to perpetuate the fraud until he finally withdrew from the case. Respondent argues that his cover-up was merely an effort to stall his client’s inquiries, and that his reliance on misinformation that he received from the juvenile court necessitated the deception. We find these arguments to be spurious. Rather than accepting personal responsibility for his actions, respondent attempts to justify his conduct. Furthermore, respondent’s protracted deception would not have been uncovered if his client had not taken it upon herself to verify her own attorney’s actions.
While we are cognizant of the pressures and demands, both professional and personal, that attorneys may face, this court “cannot permit attorneys who lie *191 either to their clients or to the court to continue practicing law without interruption.” Disciplinary Counsel v. Greene (1995), 74 Ohio St.3d 13, 16, 655 N.E.2d 1299, 1301. Therefore, we hold that when an attorney engages in a course of conduct that violates DR 1-102(A)(4), the attorney will be actually suspended from the practice of law for an appropriate period of time.
In spite of respondent’s stipulation that he violated DR 6-101(A)(2), 6-101(A)(3), 1-102(A)(4), and 1-102(A)(6), the hearing panel and the board dismissed both the 6-101(A)(3) and 1-102(A)(6) charges because they believed these charges had not been proven by clear and convincing evidence. We defer to the board and will not disturb that finding. However, we remind the board that an attorney’s conduct may constitute neglect when the attorney fails “ ‘to advance a client matter for which he has been retained. Neglect is different from negligence and usually requires a pattern of disregarding obligations or repeated omissions by an attorney.’ [Citation omitted].” Dzienny, 72 Ohio St.3d at 176, 648 N.E.2d at 502.
For the foregoing reasons, we order that respondent be suspended from the practice of law in the state of Ohio for six months. Costs taxed to respondent.

Judgment accordingly.

Wright, F.E. Sweeney and Cook, JJ., concur.
Douglas and Resnick, JJ., concur in judgment only.
Pfeifer, J., dissents and would suspend respondent for six months, stayed.