[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 601.]

OFFICE OF DISCIPLINARY COUNSEL *v*. FRENDEN.

[Cite as *Disciplinary Counsel v. Frenden*, 1996-Ohio-251.]

*Attorneys at law—Misconduct—Six-month suspension—Conduct prejudicial to the administration of justice.*

(No. 95-2597—Submitted January 24, 1996—Decided February 28, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-14.

———————————

{¶ 1} In a complaint filed February 6, 1995, relator, Office of Disciplinary Counsel, charged respondent, John A. Frenden of Cleveland, Ohio, Attorney Registration No. 0031512, with violating DR 7-102(A)(5) (knowingly making a false statement of law or fact), DR 7-102(A)(7) (counseling or assisting his client in conduct that the lawyer knows to be fraudulent), DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), and DR 1-102(A)(5) (conduct which is prejudicial to the administration of justice). A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on November 10, 1995.

{¶ 2} The respondent attended the hearing and the parties stipulated to his violation of DR 1-102(A)(5). All other charges were dismissed. The parties agreed to the respondent's violation based on the following stipulated facts:

"1. Shortly prior to August 11, 1994, Karen Shuster contacted [r]espondent for advice and representation regarding a capias that had been issued by the Cleveland Municipal Court and an investigation being undertaken by the Garfield Heights Police Department.

"2. Shuster*** previously [had been] found guilty of misdemeanor assault in Cleveland Municipal Court***. After failing to properly report to the Probation

Department, a capias was issued by the court for a probation violation. Prior to the issuance of the capias, Shuster was not represented by [r]espondent.

"3. At the time of contacting [r]espondent, Shuster was also under investigation by the Garfield Heights Police Department for improper use of a credit card (having used the credit card number of an acquaintance to purchase a cellular phone), and a warrant [had been] issued for her arrest.

"4. Sometime prior to August 11, 1994, [r]espondent contacted the Garfield Heights Police Department and, *inter alia*, made verbal arrangements for Shuster to surrender to the Police Department on August 12, 1994.

"5. After learning***[of the capias], Shuster and [r]espondent voluntarily went to the Cleveland Municipal Court and appeared before Judge Ronald B. Adrine for a hearing concerning the revocation of her probation on August 11, 1994. Respondent advised Shuster not to mention the criminal investigation and warrant in Garfield Heights unless asked about it.***While speaking on Shuster's behalf [and reiterating her background], [r]espondent stated, *inter alia*, as follows:
"***

"[']In short, she is not a troublemaker, never been in trouble except for this one particular matter, and she has made some mistakes apparently in the handling of this matter, either through mistake -- certainly the mistake as to the probation, but she should have paid the fine before. ***[']
"***

"6. Based upon the statements made by [r]espondent and Shuster, Judge Adrine not only lifted the capias but suspended the defendant's sentence and terminated her probation. At the time the statements were made, on August 11, 1994, Shuster had no [other] convictions***, but on February 7, 1995, she pled guilty to and was convicted of misdemeanor charges as a result of the incident which was, on August 11, 1994, being investigated by the Garfield Heights Police Department. Notwithstanding the apparent weight that was given by Judge Adrine

to the mitigation evidence in lifting the capias and terminating Shuster's probation, [r]espondent did not, at the August 11, 1994 hearing, inform Judge Adrine of the Garfield Heights matter nor did he, prior to August 17, 1994, make any effort to correct the misimpressions that [r]espondent and his client [had] created. Judge Adrine discovered, after August 11, 1994 and prior to August 17, 1994, that the Garfield Heights Police Department had obtained the warrant and that [r]espondent had been aware of the warrant prior to the appearance in court on August 11, 1994.

"7. After learning [about the warrant], Judge Adrine scheduled a hearing on August 17, 1994 for [r]espondent and Shuster to show cause why they should not be held in contempt of court. Although the court did not find [r]espondent or Shuster in contempt of court, the court vacated its previous order, found Shuster in violation of her probation and executed [her] original sentence.***"

{¶ 3} The panel found that respondent had violated DR 1-102(A)(5), as stipulated. In recommending a sanction, the panel considered several mitigating factors, including testimony from Retired Judge James J. Carroll and letters from Judges Richard J. McMonagle and James J. Sweeney, all of whom spoke highly of the respondent. Additionally, the panel found the respondent's sincere apology and statement of remorse to be "very persuasive."

{¶ 4} Before recommending a sanction, the panel took into consideration respondent's public reprimand which occurred in 1985. See *Disciplinary Counsel v. Frenden* (May 8, 1985), No. DD 85-2, unreported. The panel recommended that respondent be suspended from the practice of law for one year, but that the suspension itself be suspended.

{¶ 5} The board adopted the panel's findings of fact and its conclusions of law, but, in light of the Supreme Court's decision in *Disciplinary Counsel v. Greene* (1995), 74 Ohio St.3d 13, 655 N.E.2d 1299, recommended that the respondent be suspended from the practice of law in the state of Ohio for one year with ten months of the suspension stayed.

_____

*Geoffrey Stern*, Disciplinary Counsel, and *Alvin E. Mathews*, Assistant Disciplinary Counsel, for relator.

*Mark H. Aultman*, for respondent.

_____

***Per Curiam.***

**{¶ 6}** We concur in the findings of misconduct by the board. However, under these particular circumstances, we disagree with the board's recommended sanction. Therefore, respondent is hereby suspended from the practice of law in Ohio for a period of six months. Costs taxed to the respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., dissents and would order a one-year suspension with six months stayed.

_____