OFFICE OF DISCIPLINARY COUNSEL *v.* DELONG.

[Cite as *Disciplinary Counsel v. DeLong,*
98 Ohio St.3d 470, 2003-Ohio-1743.]

(No. 2002–2222—Submitted February 12, 2003—Decided April 23, 2003.)

**Per Curiam.**

{¶ 1}  Respondent, Mark E. DeLong of Huron, Ohio, Attorney Registration No. 0018468, was admitted to the practice of law in Ohio in November 1973.  On August 12, 2002, relator, Disciplinary Counsel, charged respondent with misconduct in violation of the Code of Professional Responsibility.  A panel of the Board of Commissioners on Grievances and Discipline heard the cause and, based on the parties' stipulations and respondent's testimony, made the following findings.

{¶ 2}  On June 18, 1993, we fined respondent $750 and suspended his license to practice law for failing to comply with the continuing legal education ("CLE") requirements of Gov.Bar R. X and to pay court-ordered CLE sanctions for the 1989 and 1990–1991 reporting periods.  *In re Report of the Comm. on Continuing Legal Edn.* (1993), 66 Ohio St.3d 1513, 614 N.E.2d 760.  Respondent ignored our order.  He continued his employment for a large truck manufacturer as general counsel.  Moreover, he did not inform his employer and only client that his license had been suspended.

{¶ 3}  Respondent remained employed as general counsel for his unsuspecting corporate client, which changed hands several times throughout the 1990s, until his retirement on June 30, 2001.  And even after his retirement, he continued to practice law as a consultant until February 15, 2002, in direct violation of our suspension of his license.

{¶ 4}  Respondent also consistently failed to timely comply with attorney registration requirements imposed by Gov.Bar R. VI. For the biennium registration periods from 1987 through 1998, respondent always filed his registration materials at least six months late, once registering almost three years late and once registering almost five years late.  Moreover, respondent had not registered at all, prior to these proceedings, for the 1999–2000 or 2001–2002 registration

periods, and has only recently begun to fulfill his continuing legal education responsibilities.

{¶ 5} The panel found, consistent with the parties' stipulations, that respondent violated DR 1–102(A)(5) (conduct prejudicial to the administration of justice) and 3–101(B) (unauthorized practice of law). The panel also found respondent in violation of DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation) because he misrepresented his status as a licensed attorney in good standing for over nine years, including having his client pay his attorney registration fees for several reporting periods.

{¶ 6} In recommending a sanction for respondent's misconduct, the panel considered as mitigating the fact that respondent ultimately reported his own misconduct and cooperated completely in the disciplinary process. The panel was impressed by six character letters describing respondent's professional competence and integrity and by his receipt of a Bronze Star for service in the Vietnam War. In addition, respondent offered as mitigating the fact that he had represented only one client while under suspension and that the client had been satisfied with his work.

{¶ 7} As aggravating factors, the panel identified the long years in which respondent disregarded his professional registration and education duties and flatly ignored the order enforcing those duties. The panel also found untenable respondent's dishonesty to his client, his colleagues, and the public. The panel thus rejected the sanction proposed by the parties—an 18–month suspension with credit for the time respondent has not practiced since February 15, 2002—and recommended that respondent be suspended from the practice of law for a full 18 months. The board adopted the panel's findings of misconduct and recommendation.

{¶ 8} We agree that respondent violated DR 1–102(A)(4), 1–102(A)(5), and 3–101(B) and that an 18–month suspension is appropriate. Repeated or continuous attempts to mislead a client constitute a course of conduct in violation of DR 1–102(A)(4), which warrants an actual suspension from the practice of law. *Disciplinary Counsel v. Wallace* (2000), 89 Ohio St.3d 113, 729 N.E.2d 343, citing *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 658 N.E.2d 237. And here, respondent's mitigation evidence does little to offset the fact that he stopped misrepresenting his status as a licensed attorney at his convenience, not in compliance with the law. Accordingly, respondent is hereby suspended from the practice of law in Ohio for 18 months. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

PFEIFER, J., dissents because he would suspend respondent for 18 months with credit for time served.

Jonathan E. Coughlan, Disciplinary Counsel, and Lori J. Brown, First Assistant Disciplinary Counsel, for relator.

Mark Aultman, for respondent.