DISCIPLINARY COUNSEL *v.* INSLEY.

[Cite as *Disciplinary Counsel v. Insley,*
104 Ohio St.3d 424, 2004-Ohio-6564.]

(No. 2004–1412—Submitted October 13, 2004—Decided December 15, 2004.)

---

**Per Curiam.**

{¶ 1} Respondent, Heather Renee Insley of Findlay, Ohio, Attorney Registration No. 0074162, was admitted to the practice of law in Ohio in 2001. On October 6, 2003, relator, Disciplinary Counsel, charged respondent with violations of the Code of Professional Responsibility. Respondent was served with the complaint but did not answer, and relator moved for default. A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion, making findings of misconduct, which the board adopted, and a recommendation, which the board modified.

Misconduct

{¶ 2} A partner in the law firm that formerly employed respondent reported to relator the events underlying this complaint. On April 21, 2003, during the ensuing investigation, respondent acknowledged notice of the grievance and confirmed that she did not deny the allegations against her. Respondent later waived probable cause for the filing of the complaint.

{¶ 3} Evidence established that in August 2002, a client retained respondent to obtain temporary custody of his cousin, an arrangement that would enable the student to complete high school at the school she had been attending, even though her mother had moved out of the district. The girl's mother consented to the temporary-custody arrangement. Changing the girl's residence and enrolling her in the preferred school without tuition, however, required an order from the Court of Common Pleas of Hancock County, Juvenile Division.

{¶ 4} On August 27, 2002, respondent wrote to school officials and enclosed copies of an executed petition for temporary custody and a consent judgment entry that she represented would be filed in court the same day. Her letter informed the officials that this filing would provide her client temporary legal custody and guardianship of his cousin, thereby changing the girl's designated residence so that she could remain in the high school.

{¶ 5} By October 30, 2002, respondent had not filed the petition and consent judgment entry. As a result, a school official alerted respondent's client to the fact that the school had not yet received a copy of the court order granting the client temporary custody of his cousin. The client, in turn, asked respondent about the status of the order.

{¶ 6} In response, respondent photocopied signatures of a magistrate and common pleas court judge from signed documents in unrelated cases. Using the copied signatures, she fabricated a new document purporting to be the filed petition and consent judgment entry, granting temporary custody to her client. The document purported to have been signed and approved by the magistrate and judge. Respondent then faxed the falsified document to the school. Her cover letter falsely advised school officials that all necessary papers had been filed in court and that the girl's custody had been changed, making her a resident of the school district.

{¶ 7} Respondent's former law firm discovered her forgeries and misrepresentations in March 2003 and demanded her resignation. Respondent resigned. The law firm waived fees in the client's case.

{¶ 8} From this evidence, the board found that respondent had violated DR 1–102(A)(4) (barring conduct involving dishonesty, fraud, deceit, or misrepresentation), 1–102(A)(5) (barring conduct prejudicial to the administration of justice), 1–

102(A)(6) (barring conduct that adversely reflects on an attorney's fitness to practice law), 6–101(A)(3) (prohibiting neglect of an entrusted legal matter), 7–101(A)(1) (requiring an attorney to seek the lawful objectives of a client through reasonably available means permitted by law), and 7–101(A)(2) (requiring an attorney to carry out a contract for professional employment).

## Sanction

{¶ 9} In recommending a sanction for this misconduct, the board considered the mitigating and aggravating factors of respondent's case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc. Reg."). In mitigation, the board found that respondent had no prior disciplinary record. BCGD Proc.Reg. 10(B)(2)(a). As an aggravating feature, the board found that although respondent cooperated initially in the investigation of her misconduct, she did not answer relator's complaint or subsequently participate in the disciplinary process. BCGD Proc.Reg. 10(B)(1)(e).

{¶ 10} Relator recommended an 18–month suspension. The master commissioner recommended that respondent be suspended from the practice of law for one year. The board, however, found that respondent's misconduct also warranted a period of supervision "based on the unexplained nature of the fraud at the expense of Court judicial officers." The board recommended that respondent's law license be suspended for two years and that the second year of the suspension be stayed on the conditions that (1) she be placed on a one-year probation and (2) during her probation, respondent's practice be overseen by an appointed monitor. See Gov.Bar R. V(9).

{¶ 11} Upon review, we agree that respondent violated DR 1–102(A)(4), 1–102(A)(5), 1–102(A)(6), 6–101(A)(3), 7–101(A)(1), and 7–101(A)(2), as found by the board. The board's recommended sanction, however, is not commensurate with the duplicity respondent demonstrated in this case. The appropriate sanction for this misconduct is an indefinite suspension.

{¶ 12} We have decried attorneys who lie to the courts, *Disciplinary Counsel v. Greene* (1995), 74 Ohio St.3d 13, 655 N.E.2d 1299, *Disciplinary Counsel v. Bandy* (1998), 81 Ohio St.3d 291, 690 N.E.2d 1280, or their clients, *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 658 N.E.2d 237, and we have responded with appropriate suspensions. Accord *Disciplinary Counsel v. Trumbo* (1996), 76 Ohio St.3d 369, 667 N.E.2d 1186. Moreover, we have called the fabrication of a judicial officers signature "abhorrent to our legal system." *Disciplinary Counsel v. Hutchins,* 102 Ohio St.3d 97, 2004-Ohio-1805, 807 N.E.2d 303, ¶ 31. The combination of these transgressions, together with the dearth of extenuating circumstances in this case, warrants an indefinite suspension.

{¶ 13} Respondent is therefore suspended indefinitely from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, O'CONNOR and O'DONNELL, JJ., concur.

F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., dissent.

---

**LUNDBERG STRATTON, J., dissenting.**

{¶ 14} I dissent from the majority's opinion. Because of the respondent's lack of prior discipline and because respondent had no motive for personal gain, I would follow the recommendations of the board. I would suspend respondent for two years with one year stayed and impose the board's recommended conditions.

F.E. SWEENEY and PFEIFER, JJ., concur in the foregoing dissenting opinion.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Brian E. Shinn, Assistant Disciplinary Counsel, for relator.