Columbus Bar Association *v.* Shea.

[Cite as *Columbus Bar Assn. v. Shea,* 117
Ohio St.3d 55, 2008-Ohio-263.]

(No. 2007–1580—Submitted October 9, 2007—Decided January 30, 2008.)

_____

**Per Curiam.**

{¶ 1} Respondent, Robert E. Shea of Columbus, Ohio, Attorney Registration No. 0076806, was admitted to the Ohio bar in 2003. On February 12, 2007, relator, Columbus Bar Association, filed a complaint charging respondent with two violations of the Code of Professional Responsibility. Respondent answered the complaint, and a panel of the Board of Commissioners on Grievances and Discipline held a hearing on July 17, 2007. The panel then made findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

{¶ 2} The board recommends that we publicly reprimand respondent for his disciplinary violations. We adopt the board's findings of misconduct and the recommended sanction.

## Misconduct

### Count One—Proctor Grievance

{¶ 3} In 2005, respondent and Dean Masello worked for a law firm in Columbus. In September 2005, respondent and Masello left that firm and formed their own firm, Masello & Shea. When they left their former firm, there was considerable animosity between respondent and one of the partners ("former employer") of that firm. Masello & Shea began practicing in the area of crime-victims-compensation law, directly competing with their former firm, and respondent was due payment for work performed while he was with that firm.

{¶ 4} Respondent and Masello believed that the former employer had engaged in unethical and unprofessional conduct, and they attempted to build a disciplin-

ary case against him.[1] Masello discovered that attorneys could be suspended for failure to make child-support payments, and he and respondent knew that the former employer was often behind in his child-support payments. After searching a Licking County website, Masello found that a child-support action was pending against the former employer.

{¶ 5} On January 3, 2006, Masello traveled to the Licking County Child Support Enforcement Agency ("CSEA") to request a copy of a notice of default filed against the former employer for failure to pay child support. Masello spoke with Phillip Proctor, a CSEA attorney, but Proctor refused to give Masello a copy of the default notice. Proctor explained that the notice was confidential and that Masello could not get the document unless he was a party to the case or an attorney for one of the parties. Masello returned to Columbus and told respondent that he was not able to obtain the default notice.

{¶ 6} The next day, respondent went to the CSEA and tried to get a copy of the default notice. Respondent falsely told Proctor that he represented the former employer's ex-wife in the child-support litigation. In addition, respondent denied knowing Masello and the former employer. Suspicious of respondent's story, Proctor refused to give respondent a copy of the default notice. Proctor informed respondent that he would need a form signed by the former employer's ex-wife or a notice of appearance filed in her case showing that respondent was her attorney. Respondent indicated that he would provide proof that he represented the former employer's ex-wife. Respondent took no other steps to get a copy of the default notice.

{¶ 7} Proctor subsequently discovered that respondent did not represent the former employer's ex-wife and that respondent had lied about not knowing Masello and the former employer. On advice of Disciplinary Counsel, Proctor filed a grievance to report respondent's conduct as a possible disciplinary violation.

{¶ 8} The board found that respondent had violated DR 1–102(A)(4) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1–102(A)(6) (prohibiting conduct that adversely reflects on a lawyer's fitness to practice law).

### Count Two—Lack of Malpractice Insurance

{¶ 9} After forming Masello & Shea with Masello, respondent did not carry malpractice insurance. Respondent also failed to notify his clients that he was not covered by malpractice insurance.

---

1. The allegations of unethical and unprofessional conduct concerning the former employer were not verified.

{¶ 10} The board found that respondent had thereby violated DR 1–104(A) (failing to disclose to clients that lawyer does not maintain professional-liability insurance).

## Recommended Sanction

{¶ 11} In recommending a sanction, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 12} As aggravating factors, the board found that respondent had acted dishonestly by attempting to mislead Proctor into believing that respondent represented the former employer's ex-wife. BCGD Proc.Reg. 10(B)(1)(b). The board noted, however, that respondent's misconduct was short-lived and harmed no one. Cf. BCGD Proc.Reg. 10(B)(1)(h).

{¶ 13} In mitigation, the board found that respondent had no prior disciplinary record and had cooperated fully in the disciplinary proceedings. BCGD Proc. Reg. 10(B)(2)(a) and (d). The board also noted that respondent possesses a good reputation in his area of practice and that a number of people have attested to his professionalism and competence. BCGD Proc. Reg. 10(B)(2)(e).

{¶ 14} Relator recommended that respondent be suspended from the practice of law for six months or one year. Respondent asked that the panel dismiss the complaint. The panel recommended a public reprimand, and the board adopted this recommendation for respondent's misconduct.

## Review

{¶ 15} Neither respondent nor relator challenges the board's findings of misconduct or the recommended sanction. We have reviewed the board's record and its report, and we agree that respondent violated DR 1–102(A)(4), 1–102(A)(6), and 1–104(A).

{¶ 16} We also accept the board's recommendation of a public reprimand. A violation of DR 1–102(A)(4) normally requires an actual suspension from the practice of law. *Disciplinary Counsel v. Fumich,* 116 Ohio St.3d 257, 2007-Ohio-6040, 878 N.E.2d 6, ¶ 15. While we do not condone attorney dishonesty in any form, respondent's misconduct involved only a brief conversation, and he did not engage in a course of conduct. Cf. *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237 (a course of conduct resulting in a violation of DR 1–102(A)(4) requires an actual suspension). Moreover, respondent's mitigation evidence weighs against imposing an actual suspension. See, e.g., *Disciplinary Counsel v. Fumich,* at ¶ 16–17.

58

{¶ 17} Accordingly, respondent is publicly reprimanded for his misconduct. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Jason M. Dolin, Bruce A. Campbell, and A. Alysha Clous, for relator.

Dianna M. Anelli, for respondent.