Lanzinger, J.,
dissenting.
{¶ 29} This court has been asked to consider establishing a presumption that in the absence of significant mitigating factors, we will impose an actual suspension on attorneys who engage in the repeated and unwelcome solicitation of vulnerable clients for sexual activity. We already presume that an actual suspension will be the sanction for behavior involving dishonesty, fraud, deceit, or misrepresentation, unless mitigating factors justify a stay. See Disciplinary Counsel v. Fowerbaugh, 74 Ohio St.3d 187, 190, 658 N.E.2d 237 (1995). I believe that the same type of sanction should be imposed upon respondents like Tasso Paris, especially because it appears that cases of this type are increasing.
{¶ 30} In my view, this court should do more than merely express disapproval of the attorney’s actions by imposing a stayed suspension. The extent of the mitigation is that he has no previous discipline and has cooperated with the investigation. On the other hand, he stipulated that he acted with a selfish motive and engaged in multiple offenses. In addition, the board found that he did not understand or accept the wrongful nature of his actions and so failed to show that his misconduct was unlikely to recur. Most importantly, the client was harmed when Paris did not appear for her sentencing, conduct that she attributed to her rebuffing his sexual advances.
{¶ 31} I respectfully dissent from the court’s judgment with respect to the sanction in this case. I would adopt the recommendation of both the panel and the board and would suspend Paris from the practice of law for a period of six months.
O’Connor, C.J., and O’Neill, J., concur in the foregoing opinion.
*63 Thomas L. Anastos; Ulmer & Berne, L.L.P., and Corey N. Thrush; and Heather M. Zirke, Bar Counsel, for relator.
Thomas Paris and John T. Paris, for respondent.