NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3426

DISCIPLINARY COUNSEL *v.* HUBBELL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Hubbell,* Slip Opinion No. 2015-Ohio-3426.]**

*Attorneys at law—Misconduct—Soliciting sexual activity with a client—Six-month suspension, stayed on the condition that respondent commit no further misconduct.*

(No. 2015-0592—Submitted May 6, 2015—Decided August 27, 2015.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-099.

_____

**Per Curiam.**

{¶ 1} Respondent, Bradley Francis Hubbell of Toledo, Ohio, Attorney Registration No. 0075674, was admitted to the practice of law in Ohio in 2002. On November 26, 2014, relator, disciplinary counsel, filed a complaint alleging that Hubbell had attempted to initiate a romantic relationship with a client he was

representing pro bono in a custody dispute. Relator charged Hubbell with violating Prof.Cond.R. 1.8(j) and 8.4(h).

{¶ 2} A panel of the Board of Professional Conduct considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

{¶ 3} In the consent-to-discipline agreement, Hubbell stipulates to the facts alleged in relator's complaint and agrees that his conduct violated Prof.Cond.R. 1.8(j) (prohibiting a lawyer from soliciting or engaging in sexual activity with a client unless a consensual sexual relationship existed between them prior to the initiation of the client-lawyer relationship). The parties agree to the dismissal of the alleged violation of Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 4} The parties agree that the applicable mitigating factors include the absence of a prior disciplinary record, Hubbell's cooperative attitude toward the disciplinary proceedings and acceptance of responsibility for his misconduct, and his good character and reputation. *See* Gov.Bar R. V(13)(C)(1), (4), and (5). The parties stipulate that the fact that this matter involved a vulnerable client is an aggravating factor. Based upon Hubbell's stipulated misconduct and these factors, the parties stipulate that the appropriate sanction is a six-month suspension from the practice of law, with the entire suspension stayed on the condition that Hubbell commit no further misconduct.

{¶ 5} The panel and the board found that the consent-to-discipline agreement conforms to Gov.Bar R. V(16) and recommend that we adopt the agreement in its entirety. The panel considered several disciplinary cases, including *Toledo Bar Assn. v. Burkholder*, 109 Ohio St.3d 443, 2006-Ohio-2817, 848 N.E.2d 840 (imposing a stayed six-month suspension on an attorney who made improper sexual advances toward a client) and *Disciplinary Counsel v. Hines*, 133 Ohio St.3d 166, 2012-Ohio-3929, 977 N.E.2d 575 (imposing a stayed

six-month suspension on an attorney who engaged in an inappropriate sexual relationship with a client).

**{¶ 6}** We agree that Hubbell violated Prof.Cond.R. 1.8(j) and, as stated in the parties' agreement and as indicated by the cited precedent, that this conduct warrants a stayed six-month suspension from the practice of law. Therefore, we adopt the parties' consent-to-discipline agreement and dismiss the alleged violation of Prof.Cond.R. 8.4(h).

**{¶ 7}** Accordingly, Bradley Francis Hubbell is hereby suspended from the practice of law for a period of six months, with the entire suspension stayed on the condition that Hubbell commit no further misconduct. If Hubbell fails to comply with the condition of the stay, the stay will be lifted, and Hubbell will serve the entire six-month suspension. Costs are taxed to Hubbell.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Donald M. Scheetz, Assistant Disciplinary Counsel, for relator.

Jonathan B. Cherry, for respondent.

_____