**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*Disciplinary Counsel v. Leon,* **Slip Opinion No. 2018-Ohio-5090.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-5090

DISCIPLINARY COUNSEL *v.* LEON.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Leon,* Slip Opinion No. 2018-Ohio-5090.]**

*Attorneys—Misconduct—Violations of professional-conduct rules, including failing to perform contracted legal work and engaging in a sexual relationship with a client–One-year suspension, with 6 months stayed on conditions.*

(No. 2018-0536—Submitted May 22, 2018—Decided December 20, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2017-045.

_____

**Per Curiam.**

{¶ 1} Respondent, Robert James Leon, of Westerville, Ohio, Attorney Registration No. 0078077, was admitted to the practice of law in Ohio in 2004. In an October 5, 2017 complaint, relator, disciplinary counsel, alleged that Leon

violated several professional conduct rules by accepting a retainer and filing fee from a husband and wife and failing to deposit those funds into his client trust account, failing to perform the contracted legal work, and engaging in a sexual relationship with the wife during his legal representation.

{¶ 2} The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors and jointly recommended that Leon be suspended from the practice of law for six months, all stayed on conditions. Based on those stipulations and the evidence adduced at the hearing, a panel of the Board of Professional Conduct found that Leon committed four of the charged rule violations, dismissed a fifth alleged violation, and recommended that he be suspended from the practice of law for six months, all stayed on conditions. The board adopted the panel's report and recommendation and no objections have been filed.

{¶ 3} We agree with the board's findings of fact and misconduct, but for the reasons that follow, we suspend Leon from the practice of law for one year with six months stayed on the conditions recommended by the board.

**Misconduct**

{¶ 4} In February 2015, a husband and wife retained Leon to file a Chapter 7 bankruptcy petition on their behalf. They paid him $1,850 in cash, including a $335 filing fee and a $1,515 advance on his attorney fees. They promptly gave Leon all the documents he had requested and informed him that the loan payments for their home and cars were current because they hoped to retain those assets.

{¶ 5} Leon deposited the couple's funds into his operating account instead of his client trust account. When the wife inquired about the status of the matter in March 2015, Leon told her that it was taking longer than expected because the filing was in the "western district," meaning the western division of the United States Bankruptcy Court for the Southern District of Ohio. When she asked again in October 2015, Leon told her that the case had been filed. But in December 2015,

2

Leon told the wife that he had waited to file the couple's bankruptcy because of a change in the law and informed her that she and her husband would have to sign new forms.

{¶ 6} Leon never filed a Chapter 7 bankruptcy petition on behalf of the couple. In the absence of that filing, creditors filed collection actions against them, foreclosed on their home, and repossessed one of their cars.

{¶ 7} In late December 2015 or January 2016, Leon and the wife began to exchange e-mails of a personal nature that progressed to "sexting." Later, they engaged in consensual sexual activity, including sexual intercourse, at Leon's law office. The husband discovered the affair in July 2016 and confronted Leon, who immediately terminated the affair and withdrew from further representation of the couple—but he did not refund their retainer or filing fee. Lacking the funds to retain new counsel, the wife filed a grievance against Leon. In December 2017, Leon finally issued a full refund to the couple.

{¶ 8} The parties stipulated and the board found that Leon's conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.8(j) (prohibiting a lawyer from soliciting or engaging in sexual activity with a client unless a consensual sexual relationship existed prior to the client-lawyer relationship), 1.15(c) (requiring a lawyer to deposit advance legal fees and expenses into a client trust account, to be withdrawn by the lawyer only as fees are earned or expenses incurred), and 1.16(e) (requiring a lawyer to promptly refund any unearned fee upon the lawyer's withdrawal from employment).

{¶ 9} We agree with the board's findings of misconduct.

## Sanction

{¶ 10} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

**{¶ 11}** As aggravating factors, the board found that Leon acted with a selfish motive, committed multiple offenses, harmed financially vulnerable clients by depriving them of the protection of a bankruptcy filing and failing to refund their unearned fees, and caused additional harm by having an affair with the wife while representing her and her husband. *See* Gov.Bar R. V(13)(B)(2), (4), and (8).

**{¶ 12}** Mitigating factors found by the board include the absence of a prior disciplinary record, Leon's full and free disclosure to the board and cooperative attitude toward the disciplinary proceeding, and evidence of his good character and reputation. *See* Gov.Bar R. V(13)(C)(1), (4), and (5).

**{¶ 13}** The board recommended that we impose a conditionally stayed six-month suspension for Leon's misconduct. In support of that recommendation, the board examined two cases in which we imposed that sanction on attorneys who violated Prof.Cond.R. 1.8(j) by soliciting (rather than actively engaging in) an inappropriate sexual relationship with a client. *See Disciplinary Counsel v. Hubbell*, 144 Ohio St.3d 334, 2015-Ohio-3426, 43 N.E.3d 397 (attorney attempted to initiate a romantic relationship with a client he was representing pro bono in a custody dispute); *Cleveland Metro. Bar Assn. v. Paris*, 148 Ohio St.3d 55, 2016-Ohio-5581, 68 N.E.3d 775 (attorney made unwelcome sexual advances toward a female client and neglected her criminal case by failing to appear at her criminal-sentencing hearing).

**{¶ 14}** The board also considered *Disciplinary Counsel v. Hines*, 133 Ohio St.3d 166, 2012-Ohio-3929, 977 N.E.2d 575. Like Leon, Hines actually engaged in a sexual relationship with a client. He also hired the client to work at his law firm and moved her and her children into his home while representing her in a domestic-relations case. As the relationship deteriorated, Hines filed aggravated-menacing and domestic-violence charges against the client and obtained a temporary protection order against her. After an adverse judgment in the client's domestic-relations case was issued, Hines terminated his legal representation and

left her without counsel at a critical juncture in her case. We found that Hines violated Prof.Cond.R. 1.8(j) and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), and we imposed a six-month conditionally stayed suspension for his misconduct.

{¶ 15} Because Leon's misconduct encompasses a sexual relationship with a client who was also the spouse of another client, we find *Disciplinary Counsel v. Owen*, 142 Ohio St.3d 323, 2014-Ohio-4597, 30 N.E.3d 910, to be instructive. Owen engaged in a sexual relationship with the spouse of a client charged with aggravated murder with death-penalty specifications and other criminal offenses. *Id.* at ¶ 1, 7.

{¶ 16} We found that Owen's conduct created an inherent conflict of interest that compromised the relationship of trust and confidence between the attorney and client, prejudiced the administration of justice, and adversely reflected on the attorney's fitness to practice law. *Id.* at ¶ 29, 32. Owen acted with a selfish motive and harmed a vulnerable client but had no prior disciplinary record, cooperated in the disciplinary proceedings, and presented evidence of his good character and reputation, as Leon has in this case. *Id.* at ¶ 33. We found that Owen's misconduct warranted a two-year suspension from the practice of law with the second year stayed on conditions. *Id.* at ¶ 35.

{¶ 17} We acknowledge that Owen's sexual relationship with his client's spouse was arguably more egregious than Leon's given that Owen's conduct violated the client's constitutional right to the effective assistance of counsel in a capital case while Leon's representation involved a bankruptcy petition. *Id*. at ¶ 32. But Leon engaged in a sexual relationship with a client who was also the spouse of another client. He also failed to deposit the clients' retainer and filing fee into his client trust account, neglected their legal matter for 17 months, lied to the wife about the status of the matter on at least one occasion, and waited 17 months after terminating his representation (and two months after relator filed a

disciplinary complaint) to refund the clients' money. Weighing that misconduct, the applicable aggravating and mitigating factors, and our precedent, we believe that the proper sanction for Leon's misconduct falls somewhere between the six-month conditionally stayed suspension recommended by the board and the two-year partially stayed suspension that we imposed in *Owen*.

{¶ 18} Accordingly, we suspend Robert James Leon from the practice of law for one year, with six months stayed on the conditions that he engage in no further misconduct and pay the costs of this proceeding. If he fails to comply with any condition of the stay, the stay will be lifted and he will serve the full one-year suspension. Costs are taxed to Leon.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, and DeGENARO, JJ., concur.

O'DONNELL, J., dissents, with an opinion joined by DeWINE, J.

_____

**O'DONNELL, J., dissenting.**

{¶ 19} Respectfully, I dissent.

{¶ 20} The parties in this case stipulated to the facts and aggravating and mitigating factors and jointly recommended a six-month suspension, all stayed, on conditions. The panel made appropriate findings and accepted the jointly recommended sanction. That decision was accepted by the Board of Professional Conduct, and no objections have been submitted to this court.

{¶ 21} Based on the facts and circumstances presented here, I would adopt the recommendation of the Board and impose a stayed six-month suspension in this case.

DeWINE, J., concurs in the foregoing opinion.

_____

Scott J. Drexel, Disciplinary Counsel, for relator.

Kegler, Brown, Hill & Ritter, L.P.A., and Jason H. Beehler, for respondent.

_____