[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Phillabaum,* Slip Opinion No. 2015-Ohio-4346.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-4346

DISCIPLINARY COUNSEL *v*. PHILLABAUM.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Phillabaum,* Slip Opinion No. 2015-Ohio-4346.]**

*Attorneys—Misconduct—Altering indictment to add gun specifications that were never presented to grand jury—One-year suspension.*

(No. 2015-0279—Submitted April 14, 2015—Decided October 27, 2015.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-021.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Jason Richard Phillabaum of Cincinnati, Ohio, Attorney Registration No. 0072219, was admitted to the practice of law in Ohio in 2000.

**{¶ 2}** On March 3, 2014, a probable-cause panel of the Board of Commissioners on Grievances and Discipline[1] certified to the board a two-count complaint filed against Phillabaum by relator, disciplinary counsel. In that complaint, relator alleged that while employed as an assistant prosecuting attorney in Butler County, Phillabaum had engaged in prosecutorial misconduct by failing to disclose exculpatory evidence to a criminal defendant and by signing two separate criminal indictments containing charges that he knew had not been presented to the grand jury.

**{¶ 3}** The parties entered into stipulations of fact and mitigation and submitted more than 20 stipulated exhibits. A panel of the board conducted a hearing and issued a report finding that by causing gun specifications that were not presented to the grand jury to be included in a criminal indictment, Phillabaum had knowingly made a false statement of fact to a tribunal, engaged in dishonesty, fraud, deceit, or misrepresentation, and prejudiced the administration of justice—all of which adversely reflected on his fitness to practice law.[2] Based on that misconduct, the panel recommended that Phillabaum be suspended from the practice of law for one year with six months stayed on the condition that he engage in no further misconduct. The board adopted the panel's report in its entirety, and neither party has objected.

**{¶ 4}** We adopt the board's findings of fact, misconduct, and aggravating and mitigating factors. But we reject the recommended sanction. Instead, we conclude that a one-year suspension, with no stay, is the appropriate sanction for Phillabaum's misconduct.

---

[1] Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

[2] The panel also unanimously dismissed the remaining allegations of misconduct, finding that Phillabaum's failure to disclose exculpatory evidence in one criminal matter resulted from a misevaluation of the evidence rather than an egregious or willful attempt to thwart the administration of justice and that relator had failed to prove alleged violations with respect to a second criminal indictment.

**Misconduct**

{¶ 5} On December 13, 2010, assistant prosecutor Josh Muennich presented the case against Tyree Johnson to a Butler County grand jury in Phillabaum's absence. He instructed the grand jury to vote on charges of aggravated robbery and felonious assault, but did not present any evidence on any gun specifications related to the crime and did not instruct the jury to vote on any such specifications. Phillabaum reviewed the indictment on December 20, 2010, and instructed a legal assistant in the prosecutor's office to add gun specifications to the indictment. The legal assistant told him that the gun specifications had not been included because Muennich had not presented them to the grand jury, and for that reason she felt uncomfortable adding them to the indictment. But when Phillabuam insisted, she complied. Muennich refused to sign the indictment containing the gun specifications, since he had not presented that evidence to the grand jury, but Phillabaum signed it, knowing that it contained a false statement and would be filed with the clerk of courts. After Phillabaum's conduct came to light, the Butler County Prosecutor presented the case to the grand jury a second time and obtained a superseding indictment that included the firearm specification.

{¶ 6} On May 3, 2012, Phillabaum was indicted on two counts of forgery, one count of dereliction of duty, two counts of tampering with records, one count of interference with civil rights, and one count of using a sham legal process, all arising out of his conduct in the Johnson case. He pleaded guilty to a single count of dereliction of duty, a second-degree misdemeanor, and was sentenced to 90 days in jail, all suspended on the conditions that he successfully complete one year of community control and perform at least 75 hours of community service.

{¶ 7} The board found that the conduct summarized above violated Prof.Cond.R. 3.3(a)(1) (prohibiting a lawyer from knowingly making a false statement of fact or law to a tribunal), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d)

(prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). We adopt the board's findings of fact and misconduct.

**Sanction**

{¶ 8} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. We also weigh evidence of the aggravating and mitigating factors listed in Gov.Bar R. V(13).

{¶ 9} The parties stipulated that relevant mitigating factors in this case include the absence of a prior disciplinary record, Phillabaum's cooperative attitude toward the disciplinary proceedings, and the criminal sanctions imposed for Phillabaum's conduct (with which he has fully complied). The board adopted these stipulations and also found that Phillabaum presented several letters from judges, attorneys, and clients attesting to his good reputation in the legal community. *See* Gov.Bar R. V(13)(C)(1), (4), (5), and (6). Moreover, the board found that none of the aggravating factors enumerated in Gov.Bar R. V(13)(B) are present.

{¶ 10} Relator recommended that Phillabaum be suspended from the practice of law for one year, but Phillabaum argued that a public reprimand or a fully stayed suspension was the appropriate sanction for his misconduct. The board considered four cases involving comparable ethical violations and noted that sanctions for violations of Prof.Cond.R. 3.3(a)(1), 8.4(c), 8.4(d), and 8.4(h) vary widely depending on the nature of the conduct and the applicable aggravating and mitigating factors.

{¶ 11} In *Disciplinary Counsel v. Wilson*, 142 Ohio St.3d 439, 2014-Ohio-5487, 32 N.E.3d 426, ¶ 8, 20, we publicly reprimanded an attorney who violated Prof.Cond.R. 3.3(a)(1), 8.4(c), and 8.4(d) by signing the name of her

4

granddaughter's mother to an affidavit, notarizing the document without any notation that she had signed the document with the affiant's authorization, and then filed the document in a pending guardianship proceeding. In *Dayton Bar Assn. v. Swift*, 142 Ohio St.3d 476, 2014-Ohio-4835, 33 N.E.3d 1, we also imposed a two-year suspension with the second year stayed on conditions on an attorney who violated Prof.Cond.R. 3.3(a)(1), 8.4(c), and 8.4(h). The attorney in *Swift* engaged in a pattern of misconduct involving multiple offenses by failing to maintain independent time records and overbilling four counties for court-appointed work over a period of several years. And in a case involving violations of Prof.Cond.R. 8.4(c), (d), and (h), we imposed a two-year suspension with the second year conditionally stayed on an attorney who failed to fully disclose his assets in his personal bankruptcy filings, testified falsely about his assets in two depositions, and blamed his attorneys for his conduct. *See Disciplinary Counsel v. Harmon*, 143 Ohio St.3d 1, 2014-Ohio-4598, 34 N.E.3d 55. Finally, the board noted that in *Disciplinary Counsel v. Cicero*, 143 Ohio St.3d 6, 2014-Ohio-4639, 34 N.E.3d 60, we indefinitely suspended an attorney who, in his third disciplinary matter, engaged in a pattern of misconduct and acted with a selfish motive when he lied to a judge and amended his own speeding charge to a lesser offense without authorization.

{¶ 12} The board determined that Phillabaum's knowing alteration of the Johnson indictment was more serious than Wilson's failure to document the authorized signing of an affiant's name, but found that this case did not involve the aggravating factors present in *Swift*, *Harmon*, or *Cicero*. Therefore, the board reasoned that a one-year suspension with six months stayed on the condition that Phillabaum engage in no further misconduct was the appropriate sanction in this case.

{¶ 13} We reject the board's recommendation and conclude that a one-year suspension is the appropriate sanction in this case. Accordingly, Jason Richard

Phillabaum is suspended from the practice of law in Ohio for one year. Costs are taxed to Phillabaum.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

PFEIFER and FRENCH, JJ., dissent and would impose a suspension of one year with six months stayed.

_____

Scott J. Drexel, Disciplinary Counsel, and Catherine M. Russo, Assistant Disciplinary Counsel, for relator.

Montgomery Rennie Jonson, L.P.A., George D. Jonson, and Lisa M. Zaring, for respondent.

_____