**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Spinazze*, **Slip Opinion No. 2020-Ohio-957.]**

<u>NOTICE</u>

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-957
DISCIPLINARY COUNSEL *v.* SPINAZZE.
**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Spinazze*, Slip Opinion No. 2020-Ohio-957.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Six-month suspension.*

(No. 2019-1075—Submitted January 8, 2020—Decided March 17, 2020.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2018-060.

_____

**Per Curiam.**

{¶ 1} Respondent, Anthony Perin Spinazze, of Sylvania, Ohio, Attorney Registration No. 0071893, was admitted to the practice of law in Ohio in 2000.

{¶ 2} In November 2018, relator, disciplinary counsel, charged Spinazze with making false statements to a court and his supervisor while serving as a part-time assistant prosecutor for the city of Sylvania. The parties entered into

stipulations of fact and misconduct, and after a hearing before a three-member panel of the Board of Professional Conduct, the board issued a report finding that Spinazze engaged in the stipulated misconduct and recommending that we suspend him from the practice of law for six months. Spinazze objects to the board's recommended sanction, arguing that a fully stayed six-month suspension is more appropriate.

{¶ 3} Based on our review of the record, we overrule Spinazze's objections and accept the board's findings of misconduct and recommended sanction.

### Misconduct

{¶ 4} In November 2017, law-enforcement authorities arrested Jeremiah Johnson for operating a vehicle while under the influence of alcohol ("OVI"). The police report indicated that two officers had observed Johnson driving his vehicle. Johnson was later arraigned in the Sylvania Municipal Court.

{¶ 5} Spinazze commenced his employment as a part-time assistant prosecutor for Sylvania in January 2018 and was assigned to prosecute Johnson's case. In April 2018, Spinazze met with Johnson's attorney and a deputy sheriff, Jeff Bretzloff, to view Bretzloff's body-camera video of Johnson's arrest. After watching the video, Johnson's attorney indicated that Johnson would be willing to plead guilty to a reduced charge of having physical control of a vehicle while under the influence, a first-degree misdemeanor. *See* R.C. 4511.194(D). Bretzloff, however, objected to the proposed resolution.

{¶ 6} Spinazze nevertheless later agreed to recommend reducing Johnson's OVI charge to the misdemeanor physical-control offense. After learning of the plea agreement, the municipal-court judge—who knew that Johnson had two prior alcohol-related convictions—requested that Spinazze appear in court and explain the basis for the recommendation. When he appeared, Spinazze misled the court regarding the city's case against Johnson. Specifically, in explaining why he had agreed to recommend the reduced charge, Spinazze stated that there was "a question

as to * * * the observation by the police of the defendant driving" and that the city had "some evidence concerns" about whether it "could put [Johnson] in the car." Spinazze also falsely stated that the arresting officers, including Deputy Bretzloff, had consented to the plea agreement. Based on Spinazze's representations, the court accepted Johnson's plea.

{¶ 7} Later that day, Christy Cole, the city's chief prosecutor and Spinazze's supervisor, heard about the plea and reviewed the "Case Notes" section of the prosecutor's file, which includes the notes and other work product of the assistant prosecutor assigned to the case. In his notes on Johnson's case, Spinazze had written that he had agreed to recommend reducing the charge because the court "was going to dismiss case." During his disciplinary proceeding, Spinazze admitted that his notation was false because the court had never indicated an intent to dismiss the matter.

{¶ 8} Considering Johnson's prior alcohol-related convictions, Cole was surprised that Spinazze had agreed to recommend reducing the OVI charge and asked him whether the arresting officers had consented to the plea agreement. Although Spinazze then admitted to Cole that he had not obtained the officers' consent, he failed to inform her about his misrepresentations to the municipal court. The following month, Cole listened to the court's audio recording of the hearing and expressed to Spinazze her concern that he had misled the court about the basis for his recommendation and whether he had the arresting officers' consent. In response, Spinazze falsely claimed that he had made a mistake at the hearing by relying on defense counsel's account of the incident and by agreeing to recommend the reduction without first reviewing the file.

{¶ 9} Deputy Bretzloff, however, told Cole the truth: that he had met with Spinazze and Johnson's attorney and had voiced an objection to any reduction to the OVI charge. When Cole confronted Spinazze again, he admitted that Bretzloff was correct. Thereafter, the city's law director placed Spinazze on unpaid

administrative leave, and Spinazze submitted a written apology to the municipal-court judge and apologized in person to Bretzloff. Spinazze also self-reported some of his misconduct to relator. The city ultimately terminated Spinazze from his position as an assistant prosecutor.

{¶ 10} Because the municipal court had relied on Spinazze's false statements in accepting the parties' plea agreement, the city moved to vacate Johnson's plea. The city also requested the appointment of a special prosecutor, and Johnson's attorney moved to withdraw. After the court appointed new attorneys for the case, an acting judge vacated Johnson's plea and found him guilty of OVI.

{¶ 11} Spinazze admitted that his conduct resulted in the following rule violations. By making false statements to the municipal-court judge, he violated Prof.Cond.R. 3.3(a) (prohibiting a lawyer from making a false statement to a tribunal). By making a false notation in the case file and making false statements to his supervisor, he violated Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). And because his misrepresentations resulted in a series of events that prejudiced the administration of justice in Johnson's case—including requiring the appointment of a special prosecutor and new defense counsel and causing the court to accept and then vacate Johnson's original plea—Spinazze violated Prof.Cond.R. 8.4(d) (prohibiting an attorney from engaging in conduct that is prejudicial to the administration of justice).

{¶ 12} The board found that Spinazze committed the stipulated rule violations, and we agree with the board's findings of misconduct.

**Sanction**

{¶ 13} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the

aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 14} The board found one aggravating factor—that Spinazze had acted with a dishonest motive. *See* Gov.Bar R. V(13)(B)(2). In mitigation, the board found that Spinazze has a clean disciplinary record, he had exhibited a cooperative attitude toward the disciplinary proceedings, he had submitted evidence of positive character and reputation, and other penalties have been imposed for the same misconduct—namely, he was placed on unpaid leave from his position with the city and then was ultimately terminated. *See* Gov.Bar R. V(13)(C)(1), (4), (5), and (6).

{¶ 15} The board reviewed a number of cases involving attorneys who made false statements to a court and found two decisions persuasive: *Disciplinary Counsel v. Phillabaum*, 144 Ohio St.3d 417, 2015-Ohio-4346, 44 N.E.3d 271, and *Toledo Bar Assn. v. DeMarco*, 144 Ohio St.3d 248, 2015-Ohio-4549, 41 N.E.3d 1237.

{¶ 16} In *Phillabaum*, an assistant prosecutor insisted that a legal assistant add to an indictment gun specifications that had not been presented to the grand jury. Phillabaum then signed the indictment, knowing that it contained a false statement. After his conduct came to light, the prosecutor's office had to present the case to the grand jury for a second time and obtain a superseding indictment. Based on his misconduct, Phillabaum pled guilty to dereliction of duty, a second-degree misdemeanor, and we found that he violated Prof.Cond.R. 3.3(a)(1), 8.4(c), 8.4(d), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). We suspended him for one year.

{¶ 17} In *DeMarco*, an attorney repeatedly represented to a court that a computer expert had never given him a disc of potentially relevant discovery materials, even though not only had the expert given the disc to DeMarco but DeMarco had reviewed the documents on the disc. During one proceeding, DeMarco threatened to take the expert "outside" after the expert truthfully testified

that he had given the disc to DeMarco. DeMarco admitted to his misconduct only after the expert played in court a voicemail in which DeMarco essentially admitted that he had lied to the court. *Id.* at ¶ 6, 14. We found that DeMarco violated Prof.Cond.R. 3.3(a)(1), 3.3(a)(3) (prohibiting a lawyer from offering evidence that the lawyer knows to be false), and 8.4(c) and imposed a one-year suspension, with six months conditionally stayed.

{¶ 18} The board found *DeMarco* particularly informative and cited longstanding precedent imposing actual suspensions on attorneys who made material misrepresentations to a court. *See, e.g., Disciplinary Counsel v. Fowerbaugh*, 74 Ohio St.3d 187, 190, 658 N.E.2d 237 (1995). The board also noted that it was influenced by the chief justice's statement in *Disciplinary Counsel v. Brockler*, 145 Ohio St.3d 270, 2016-Ohio-657, 48 N.E.3d 557, that attorneys who serve as prosecutors "are authorized to enforce the law and administer justice" and "must meet or exceed the highest ethical standards imposed on our profession," *id.* at ¶ 29 (O'Connor, C.J., dissenting). In addition, the board noted that at Spinazze's disciplinary hearing, he appeared to retreat from his prior admissions when he characterized his false statements as a "mistake" rather than as intentionally misleading. Based on this record, the board recommends that we impose a six-month suspension.

*Spinazze's objections*

{¶ 19} Spinazze objects to two of the board's findings. First, he argues that at his disciplinary hearing, he took full responsibility for his misconduct and repeatedly acknowledged that his actions were intentional. Therefore, Spinazze asserts that the board's finding that he characterized his actions as a "mistake" was not supported by the record. Second, he claims that the board's reliance on *Phillabaum* and *DeMarco* is misplaced because those cases involved more egregious attorney misconduct than that at issue here. According to Spinazze, his

actions do not rise to the level warranting an actual suspension and our caselaw supports a fully stayed six-month suspension.

{¶ 20} Spinazze is correct that at his hearing, he admitted that he had intended to mislead the municipal court, agreed that lying to a judge is not a "mistake," admitted to writing the false notation in the case file, admitted that he made the notation so that no one would know the actual reason he had agreed to recommend that the charge be reduced, and admitted to making false statements to his supervisor. The board is also correct, however, that at one point during the hearing, Spinazze appeared to equivocate. After panel members directly pressed him on whether he considered his conduct a mistake or intentional, he stated: "My head was spinning. I was new on the job. I wasn't prepared."

{¶ 21} Regardless, the board's report does not indicate that it found Spinazze's inconsistent testimony dispositive in recommending an actual instead of a fully stayed suspension. Nor do we find this issue crucial in our analysis. Rather, to support its recommended sanction, the board primarily relied on Spinazze's misconduct and our caselaw, which we agree supports an actual suspension in this case.

{¶ 22} When an attorney's misconduct includes a course of conduct involving dishonesty—and especially when the dishonesty includes making misrepresentations to a court—we generally impose an actual suspension. *See Disciplinary Counsel v. Schuman*, 152 Ohio St.3d 47, 2017-Ohio-8800, 92 N.E.3d 850, ¶ 18, quoting *DeMarco*, 144 Ohio St.3d 248, 2015-Ohio-4549, 41 N.E.3d 1237, at ¶ 12 ("it is well established in our case law that an attorney's course of conduct involving dishonesty usually warrants an actual suspension, and 'this is especially true when an attorney makes repeated and material false statements to a court' "); *Cleveland Bar Assn. v. Herzog*, 87 Ohio St.3d 215, 217, 718 N.E.2d 1274 (1999) ("We will not allow attorneys who lie to courts to continue practicing law without interruption"). As we have previously explained,

> [a] lawyer who engages in a material misrepresentation to a court or a pattern of dishonesty with a client violates, at a minimum, the lawyer's oath of office * * *. Such conduct strikes at the very core of a lawyer's relationship with the court and with the client. Respect for our profession is diminished with every deceitful act of a lawyer. We cannot expect citizens to trust that lawyers are honest if we have not yet sanctioned those who are not.

*Fowerbaugh*, 74 Ohio St.3d at 190, 658 N.E.2d 237.

{¶ 23} Spinazze has not demonstrated that the circumstances here warrant anything less than an actual suspension from the practice of law. He engaged in a course of deceitful conduct, starting with making multiple false statements to a court and then attempting to cover up those misrepresentations with a false notation in the case file and false excuses to his supervisor. In addition, Spinazze's conduct prejudiced the administration of justice because a judge relied on Spinazze's misrepresentations in accepting a plea, which the court was later forced to vacate after the discovery of Spinazze's misconduct. Contrary to Spinazze's objections, his actions are comparable in scope and severity to the misconduct in *DeMarco*, and as in that case, we find no compelling reason to depart from our precedent imposing an actual suspension for repeated dishonest conduct. *See also Disciplinary Counsel v. Rohrer*, 124 Ohio St.3d 65, 2009-Ohio-5930, 919 N.E.2d 180 (suspending an attorney for six months for deliberately violating a court order and then making false and misleading statements to a court and state agency about his actions).

{¶ 24} Accordingly, we overrule Spinazze's objections and hold that a six-month suspension is the appropriate sanction in this case.

8

## Conclusion

**{¶ 25}** For the reasons explained above, Anthony Perin Spinazze is suspended from the practice of law in Ohio for six months. Costs are taxed to Spinazze.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

————————————

Joseph M. Caligiuri, Disciplinary Counsel, and Adam P. Bessler, Assistant Disciplinary Counsel, for relator.

Coughlan Law Firm, L.L.C., and Jonathan E. Coughlan, for respondent.

————————————